FELDER *v*. ACME MILLS.

[73 South. 52.]

APPEAL AND ERROR. *Principal and agent. Individual transaction of agent.*

Where defendant gave a written order for flour to plaintiff's agent to be charged to the agent but shipped to defendant, and the order was received by plaintiff, together with a forged order directing that the flour be charged to defendant, and plaintiff, without notifying defendant that it would not ship under the first order, shipped the flour under the forged order, and defendant received and disposed of the flour, believing that it had been charged to the agent who owed the defendant, in such case plaintiff must suffer the loss caused by the act of its accredited agent and cannot recover from defendant for the flour.

Appeal from the circuit court of Pike county.

Hon. J. B. Holden, Judge.

Suit by the Acme Mills against J. H. Felder. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*L. W. Felder* and *B. F. Moak,* for appellant.

*E. G. Williams,* for appellee.

Cook, P. J. delivered the opinion of the court.

Before entering upon a discussion of the merits of this appeal, we deem it necessary to remind counsel that their briefs, to have any value, should be confined to the facts and the law of the case. We are not interested in the personal opinions counsel may entertain of each other.

Appellee sued the appellant for the value of two shipments of flour. Appellant is a merchant, doing business at Holmesville, and it is alleged that the appellant gave the orders to the traveling salesman of appellee, Mr. H. C. Holt. As we understand the record, appellee does not contend that he is not liable for one of the shipments, but does claim that he is not liable for the other.

It seems that the orders were taken upon printed order sheets, the blanks being filled in with the number and value of the packages ordered, and the order is signed by the buyer and the seller's agent. A carbon copy is made of this order and left with the buyer, and the original is sent to the office of the milling company.

It was contended by appellant that the order in question, as signed by him, directed that the flour ordered should be billed to H. C. Holt, meaning that the bill was to be charged to H. C. Holt, but shipped to appellant. The record discloses that this order was received by the milling company, together with another order

for the same bill of flour, but the last-named order did not direct that the flour should be charged to H. C. Holt. Appellant testified, and his evidence was not contradicted, that the last-named order was a forgery; that he did not give or sign same.

It was contended by appellee that Holt was not authorized to take the order to be billed to him, and they were not bound by his contract, that they shipped the flour under the other order; but it is also admitted that appellee did not advise appellant that they had turned down the other order directing that the flour be billed to Holt. So it was, appellant gave the order, provided the company would charge same to Holt, their agent, but the company mentally turned down this order, and shipped under the forged order. Appellant, not knowing about the forged order, received and disposed of the flour believing that the milling company had shipped same under the order signed by him, and had charged the bill to Holt. It appears that appellant had sold Holt an automobile, and the order for flour was to pay the purchase price.

There is absolutely no dispute that the order was given as stated by appellant; that this order was received by the milling company; and that the milling company did not notify appellant that they would not fill the order.

The point is, who must suffer the loss caused by appellee's accredited agent?

The trial court thought that appellant must lose, but we believe, under the facts, appellee should lose.

*Reversed and remanded.*